**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4525-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TERRENCE A. TERRELL,
a/k/a TONE,[1]

     Defendant-Appellant.

_____

Submitted December 15, 2020 – Decided January 25, 2021

Before Judges Yannotti and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 03-01-0032.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Craig A. Becker, Assistant Prosecutor, of counsel and on the brief).

---

[1] Defendant was incorrectly designated as "Terrence Anthony Terrell" and "Terrance Anthony Terrell" in the indictment and judgment of conviction (JOC).

PER CURIAM

Defendant appeals from an order entered by the Law Division on May 23, 2019, which denied his petition for post-conviction relief (PCR). We affirm.

I.

Defendant was charged under Bergen County Indictment No. 03-01-0032, with: first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2) (count two); two counts of first-degree robbery, N.J.S.A. 2C:15-1 (counts three and four); second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2, N.J.S.A. 2C:15-1 (count five); three counts of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (counts six, nine, and twelve); two counts of second-degree burglary, N.J.S.A. 2C:18-2 (counts seven); second-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2, N.J.S.A. 2C:18-2 (count eight); two counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b) (counts ten and eleven); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count thirteen); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count fourteen). Darryl Bozeman (Darryl), Gina Bozeman (Gina), and Stanley L. Holmes (Holmes) also were charged in the indictment.

In February 2004, defendant entered into a cooperation agreement with the State and agreed to plead guilty to first-degree felony murder of Nathan

Johnson, as charged in count six, and first-degree kidnapping of Mary Johnson, as charged in count eleven. Among other things, defendant agreed to provide a sworn statement regarding his involvement and knowledge of the offenses he committed with the co-defendants, and agreed to testify "truthfully, fully and completely" in any related legal proceedings.

The State agreed to recommend that defendant be sentenced to an aggregate term of thirty years of incarceration, with a period of parole ineligibility as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also agreed to dismiss the other eleven counts in which defendant was charged.

Defendant testified at Darryl and Gina's trial.[2] Defendant stated that Darryl and Holmes owed him $25,000 because they had given him "some bad drugs." On June 24, 2002, Darryl drove to defendant's home in Baltimore and brought him back to New Jersey. Darryl informed defendant that he and Holmes had been "staking out" an old man, who ran "numbers" and had between $100,000 and $250,000 in his house. Nathan Johnson was the potential target, and his wife Mary was a customer at Gina's hair salon.

---

[2] Our summary of the facts is drawn from our first opinion on Darryl Bozeman's appeal. State v. Bozeman, Docket No. A-0565-06 (App. Div. Sept. 13, 2010) (slip op. at 3-11).

A-4525-18T2

On the evening of June 25, 2002, Holmes drove defendant and Darryl to the Johnson house in Englewood. Defendant and Darryl went into the backyard and looked through a window and saw Mary lying on a couch. Defendant and Darryl waited in the backyard for Nathan to return home and then entered the house. Once they were inside, Darryl grabbed Nathan, while defendant grabbed Mary and told her to get down on the floor.

Defendant went into a bedroom looking for a safe, but he did not find any cash. He took some jewelry and several fur coats. Defendant was getting ready to leave when he saw Nathan attempt to hit Darryl. Defendant said Darryl shot and killed Nathan. Defendant and Darryl ran from the house, and defendant dropped the coats before they got into a minivan.

Darryl was found guilty of murder, two counts of armed robbery, and other offenses. Id. at 1-2. He was sentenced to an aggregate term of life imprisonment, plus forty-five years, with one-hundred years and three months of parole ineligibility. Ibid.[3] Holmes was found guilty of robbery, burglary, and kidnapping and sentenced to an aggregate thirty-five-year prison term. Id. at 6-

_____

[3] We remanded the matter for further proceedings to consider Bozeman's claims regarding identification and other issues, and to determine if Bozeman should be granted a new trial. Id. at 38. On remand, the trial court denied Bozeman's motion for a new trial, and we later affirmed Bozeman's convictions. State v. Bozeman, No. A-0565-06 (App. Div. June 24, 2011) (slip op. at 36).

7. Gina was convicted of hindering the apprehension of her co-defendants. Id. at 7.

In June 2006, the court sentenced defendant on count six (felony murder) to a thirty-year prison term with thirty years of parole ineligibility. On count eleven (kidnapping), the court sentenced defendant to a concurrent thirty-year sentence with an eighty-five percent period of parole ineligibility, pursuant to NERA. The court stated that the Graves Act applied to both sentences and applied a fifteen-year period of parole ineligibility to both counts. The court entered a JOC dated June 23, 2006.

Defendant appealed his sentence on July 24, 2007, and his appeal was heard on our excessive sentence oral argument calendar. R. 2:9-11. We affirmed defendant's sentence but remanded the matter to the trial court to clarify "the application of the Graves Act to the sentences imposed . . . and enter a corrected judgment." State v. Terrell, No. A-1107-06 (App. Div. July 30, 2007).

On August 3, 2007, the trial court filed an amended JOC. The court indicated that defendant had been sentenced to thirty years of incarceration, with a thirty-year term of parole ineligibility, for the felony murder. Defendant also had been sentenced to a concurrent thirty-year prison term for the kidnapping, with a period of parole ineligibility as prescribed by NERA.

A-4525-18T2

On April 12, 2018, defendant filed a pro se PCR petition in the Law Division. The court assigned counsel to represent defendant, and counsel filed a brief in which he argued that defendant's petition was not subject to any procedural bar, and he was denied the effective assistance of trial and appellate counsel. Counsel asserted defendant was entitled to an evidentiary hearing on the petition.

Defendant filed a certification in which he stated that his attorney did not provide effective representation during pre-trial preparation; he agreed to enter a guilty plea because the prosecutor had agreed he would "cut" the thirty-year sentence in half after he served fifteen years; his appellate counsel did not consult with him regarding his appeal; and he did not file his PCR petition earlier because he agreed to testify at Darryl's trial and he was not aware he had to file the petition within five years after the trial court filed the JOC.

On March 12, 2019, the PCR court heard oral argument on the petition. The judge filed an order on May 23, 2019, denying the petition. In an accompanying written opinion, the judge found defendant's claims were time barred by Rule 3:22-12, because the petition was not filed within five years after the entry of the JOC, and defendant had not shown his failure to file a timely petition was due to excusable neglect.

6

The judge also found defendant's claim regarding the plea agreement was barred by Rule 3:22-4 because it had not been raised on direct appeal. In addition, the judge found defendant did not present a prima facie case of ineffective assistance of trial or appellate counsel. Therefore, defendant was not entitled to an evidentiary hearing. This appeal followed.

On appeal, defendant argues:

> POINT I
> IN THE INTEREST OF JUSTICE, [DEFENDANT'S] PCR CLAIM IS NOT TIME BARRED UNDER [RULE] 3:22-12.

> POINT II
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL BECAUSE HE WAS NOT FULLY INFORMED BUT RATHER MISLED INTO SIGNING THE PLEA AND COOPERATION AGREEMENT, AND THEREFORE, HE IS ENTITLED TO POST-CONVICTION RELIEF, INCLUDING AN EVIDENTIARY HEARING.

>> (a) Trial counsel was present when the State promised to reduce defendant's thirty-year sentence to fifteen years; however, trial counsel still allowed defendant to plea[d] to a thirty-year sentence.

> POINT III
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FROM HIS APPELLATE ATTORNEY.

(a) Appellate counsel did not confer with defendant and failed to inform him of the five-year time bar.

POINT IV
THE PCR COURT'S CUMULATIVE ERRORS DENIED DEFENDANT THE RELIEF TO WHICH HE WAS ENTITLED.

II.

We first consider defendant's contention that the PCR court erred by finding his petition was barred by Rule 3:22-12. Defendant acknowledges he did not file his petition within five years after the entry of the JOC, but contends he established excusable neglect for failing to do so.

Defendant notes that the amended JOC was filed in August 2007, and he claims he was not aware that he received ineffective assistance of trial and appellate counsel until sometime later. He asserts his appellate counsel wrote to him in August 2007 but failed to inform him he had to file the PCR petition within five years after entry of the JOC.

A PCR petition must be filed within five years of the entry of the JOC. R. 3:22-12(a)(1). However, the time bar may be relaxed if the "petition alleges facts demonstrating that the delay was due to the defendant's excusable neglect." State v. Mitchell, 126 N.J. 565, 576 (1992). A claim of excusable neglect requires "more than simply providing a plausible explanation for a failure to file

a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).

To avoid application of the time bar in Rule 3:22-12(a)(1), the defendant must show the failure to file a petition within the time required was due to "compelling, extenuating" or "exceptional circumstances." State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (quoting State v. Milne, 178 N.J. 486, 492 (2004)). In determining whether the defendant has made the required showing, the court must consider: (1) "the extent and cause of the delay"; (2) "the prejudice to the State"; and (3) "the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Afanador, 151 N.J. 41, 52 (1997) (quoting Mitchell, 126 N.J. at 580).

Here, the PCR judge found that on August 13, 2007, defendant's appellate counsel advised defendant that he had the right to file a petition for PCR. The record does not, however, support that finding. Counsel's letter of August 13, 2007, informed defendant that this court had remanded the matter to the trial court for clarification of the sentence. Counsel advised defendant that the Office of Public Defender (OPD) would not be filing a petition for certification (PC)

9

with the Supreme Court on defendant's behalf, and if defendant wanted to file his own PC, he could do so.

Counsel's August 13, 2007 letter does not address the possibility of filing a PCR petition or the time within which such a petition must be filed. Nevertheless, as we have noted, defendant did not file his PCR petition until April 12, 2018, which was almost eleven years after the trial court filed the amended JOC.

Defendant contends the delay was due to ongoing proceedings involving his co-defendants and other matters pertaining to the cooperation agreement. He also claims he was not aware that his trial and appellate counsel were deficient or that he had to file the PCR petition within five years after entry of the JOC. Defendant's arguments are entirely without merit.

In his petition, defendant failed to allege sufficient facts to show that any ongoing proceeding involving his co-defendants justified the extensive delay in filing the PCR petition. As noted, defendant claims he was unaware of the five-year filing requirement in Rule 3:22-12(a)(1). However, excusable neglect under Rule 3:22-12 cannot be based on ignorance, misunderstanding, or a lack of sophistication in the law. State v. Murray, 162 N.J. 240, 246 (2000) (citing Mitchell, 126 N.J. at 580). See also State v. Jackson, 454 N.J. Super. 284, 295

n.6 (App. Div. 2018) (holding that ignorance of the law and the court rules does not constitute excusable neglect).

Furthermore, defendant has not shown that enforcement of the time bar would result in an injustice. The PCR court considered defendant's claims on the merits and found they were meritless. As explained herein, the PCR court correctly found defendant failed to establish a prima facie case of ineffective assistance of trial or appellate counsel.

We also reject defendant's contention that the court should have relaxed the time bar for filing a PCR petition pursuant to Rule 3:22-12(a)(1)(B) and (a)(2)(B). These subsections allow a defendant to file a PCR petition after the time prescribed by Rule 3:22-12(a)(1) if the petition is filed within one year of "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence." R. 3:22-12(a)(2)(B).

Here, defendant claims he was not aware that his trial and appellate counsel provided ineffective assistance until after the time had passed for filing a timely PCR petition. However, defendant's claims regarding trial counsel relate to the terms of his plea agreement. The record shows that defendant was

well aware of the terms of his plea and the resulting sentence when he was sentenced in 2006.

Additionally, the record shows defendant knew that his direct appeal only involved a challenge to his sentence and, in that appeal, counsel did not raise any issue with regard to the plea agreement. Thus, defendant knew, within five years after the filing of the amended JOC, the essential "facts" that formed the basis for his petition. Therefore, defendant failed to establish a basis to relax the time bar for filing a PCR petition pursuant to Rule 3:22-12(a)(1)(B) and 3:22-12(a)(2)(B).

III.

Defendant further argues that the PCR court erred by finding he did not establish a prima facie case of ineffective assistance of counsel. As noted, defendant claims he entered the guilty plea because the prosecutor stated his thirty-year sentence would be "cut" in half after he served fifteen years of his thirty-year sentence. He also claims appellate counsel was deficient because counsel did not discuss the appeal with him.

A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J.

42, 58 (1987).  Under that test, a defendant first "must show that counsel's performance was deficient."  Strickland, 466 U.S. at 687.  The defendant must establish that the attorney's performance "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687-88.

To satisfy the second prong of the Strickland test, the defendant must establish "that the deficient performance prejudiced the defense."  Id. at 687.  To establish prejudice, the defendant must show, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the matter.  Id. at 694.

Here, the PCR judge found that there was no evidence of any "secret deal" between defendant and the prosecutor's office regarding defendant's sentence. As the judge noted in his opinion, defendant confirmed he had been sentenced to a thirty-year prison term when he testified at three trials involving his co-defendants.  Indeed, defendant first mentioned the alleged "secret deal" regarding his sentence in 2018, when he filed his PCR petition.  The judge found

that the record did not reflect any promise by the prosecutor to "cut" defendant's sentence in half, and any such promise would have been "an illegal sentence."

We have noted that to secure PCR, a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Here, defendant's claim regarding the alleged "secret deal" regarding his sentence is a "bald assertion" unsupported by any evidence in the record.

The PCR judge found that trial counsel's representation of defendant did not fall below an objective standard of reasonableness. The judge also found defendant had not shown he was adversely affected by entering into the plea agreement. The judge pointed out that the recorded plea agreement "was equal [to] or better than any deal [defendant] could legally have received had this matter been tried." The record supports these findings.

In addition, the record supports the PCR judge's finding that defendant failed to present a prima facie case of ineffective assistance on the part of appellate counsel. Defendant asserts that his appellate counsel failed to confer with him regarding the appeal and counsel should have raised an issue regarding the alleged "secret deal" with the prosecutor's office regarding his sentence.

14

The record shows, however, that by letter dated June 8, 2007, the OPD informed defendant his appeal only pertained to the sentence. Defendant was asked to review his guilty plea, the sentencing transcript, and other relevant court documents and advise if there was any "particular fact" he wanted counsel to bring to the court's attention. The OPD provided defendant with copies of the pertinent documents.

Defendant has not identified any particular trial error or contention that appellate counsel should have raised on appeal. Thus, defendant has not shown that the manner in which counsel handled the appeal "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.

Defendant also has not shown that he was prejudiced by counsel's alleged ineffective assistance. Id. at 687. Defendant did not establish that the result of the appeal would have been different if appellate counsel had conferred with him or raised the purported "secret deal" regarding his sentence. Id. at 694.

We are therefore convinced that the PCR court correctly found that defendant failed to present a prima facie case of ineffective assistance of trial or appellate counsel. Thus, the court did not err by denying defendant's request for an evidentiary hearing on the petition. See State v. Porter, 216 N.J. 298, 311 (2014) (citing Rule 3:22-10(b) and noting that a defendant is entitled to an

evidentiary hearing on a PCR petition only if defendant presents a prima facie case in support of PCR).

As noted, defendant also argues that the order denying PCR should be reversed because of cumulative errors on the part of the PCR court. The contention lacks sufficient merit to warrant discussion. R. 2:11-3(e)(2). The judge made no error that would warrant reversal of the court's order.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4525-18T2